T.C. Memo. 2000-142

UNITED STATES TAX COURT

BARRY PHILLIP FIEGEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16119-98.                    Filed April 18, 2000.

Barry Phillip Fiegel, pro se.

<u>William Castor</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioner's Federal income tax in the amount of
$3,117 for the taxable year 1996.  Unless otherwise indicated,
section references are to the Internal Revenue Code in effect for
the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner was required to report as income certain amounts he received in taxable year 1996; (2) whether petitioner is liable for self-employment tax on income received in 1996, and entitled to a deduction therefor, as determined by respondent; and (3) whether petitioner is eligible for the earned income credit for 1996.

Some of the facts have been stipulated and are so found.[1] The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Oklahoma City, Oklahoma, on the date the petition was filed in this case.

Petitioner timely filed his Federal income tax return for taxable year 1996. On his return, he reported $5,831 in wages received from OTI, Inc. Petitioner received, but did not report on his return, $1,605 from Nebraska Keno Operators, Inc., and $8,886 from National Petition Management.

Respondent issued petitioner a statutory notice of deficiency dated July 1, 1998. Respondent's determination of petitioner's tax liability in the notice of deficiency is

---

[1]Both petitioner and counsel for respondent signed the Stipulation of Facts with attached exhibits. Petitioner, however, added a handwritten note stating that "I, Barry Fiegel, say 'no contest' or 'nolo contendre' to this 3-page proposed Stipulation of Facts. * * * I have no idea whether the enclosed 'facts' are true or are not true." We will continue to treat the statements made in the document as stipulated, however, because petitioner admitted the veracity of the stipulation at trial.

presumed to be correct, and petitioner bears the burden of proving it wrong.  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111 (1933).

Petitioner disputes all the determinations made by respondent in the notice of deficiency.  Petitioner's argument, as stated in his amended petition to this Court, is based upon his "disputation of the claim on the fact or theory that the federal income system or scheme is a system or scheme of 'voluntary compliance.'"  This argument is clearly without merit: Petitioner was legally required to file a Federal income tax return for taxable year 1996, see sec. 6012(a)(1)(A), and was legally required to report thereon all income he received during the year, as required by respondent, see sec. 6011(a).

Respondent determined that the amounts of $1,605 and $8,886 received by petitioner in 1996 from Nebraska Keno Operators, Inc., and National Petition Management, respectively, were includable in his income.  Petitioner did not produce evidence refuting this determination.  Thus, petitioner must include these amounts in his income.  See sec. 61(a).

Respondent also determined that these amounts were self-employment income within the meaning of section 1402(b). Petitioner again did not present evidence refuting this determination.  Thus, petitioner is liable for self-employment tax for 1996 figured from self-employment income in the total

amount of $10,491.  See sec. 1401.  Accordingly, petitioner is also entitled to a deduction in the amount of one-half of the self-employment tax, as stated by respondent in the notice of deficiency.  See sec. 164(f)(1).

Finally, respondent made a computational adjustment disallowing petitioner's claimed earned income credit.  The record does not establish that petitioner had any qualifying children, as defined under section 32(c)(3), during taxable year 1996.  Because petitioner's earned income was greater than $9,500 during that year, petitioner was not eligible to claim the credit.  See sec. 32(a)(2).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.